NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE AGUSTIN SAPON YAX,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-149

Agency No.
A201-175-208

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2024**
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and RODRIGUEZ, District Judge.***

Jose Agustin Sapon Yax, a native and citizen of Guatemala, seeks review of

a decision from the Board of Immigration Appeals (BIA) affirming the

Immigration Judge's (IJ) denial of his applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a).

We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition for review.

1. <u>The asylum application was untimely and no statutory exception applies.</u> Substantial evidence supports the BIA's determination that Sapon Yax failed to demonstrate changed or "extraordinary circumstances" excusing his untimely asylum application under the one-year statutory filing deadline. 8 U.S.C. §§ 1158(a)(2)(B), (D); *Al Ramahi v. Holder*, 725 F.3d 1133, 1138 (9th Cir. 2013). Sapon Yax's reliance on the advice of an unknown individual with unspecified credentials at a tax preparer's office—who opined that he was ineligible for asylum—does not constitute an extraordinary circumstance warranting an exception to the one-year bar. *See id.* at 1138–39; 8 U.S.C. § 1158(a)(2)(D).

2. <u>The agency properly denied asylum and withholding of removal on the merits.</u> Substantial evidence supports the agency's denial of asylum and withholding of removal on the merits because Sapon Yax failed to demonstrate a nexus between his past or feared harm and a statutorily protected ground. *See*

*Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023). To be eligible for asylum, a petitioner bears the burden of demonstrating a likelihood of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The agency reasonably concluded that Sapon Yax failed to demonstrate that his past or feared harm by gang members was or would be inflicted on account of his race or ethnicity as an indigenous Guatemalan.

Sapon Yax testified that he was approached by gang members who sought to recruit him, and that he was beaten on two occasions when he refused to acquiesce. Although his assailants shared his indigenous ethnicity, Sapon Yax contends that the agency failed to "meaningfully consider[] a key part of [his] testimony," namely that these gang members frequented "the city," where they "learn[ed] other ways"—i.e., "gang culture," which is foreign to his "traditional indigenous" customs and upbringing. As Sapon Yax would have it, his "indigeneity corresponds to his resistance to gangs." This contention does not compel the conclusion that Sapon Yax was or would be persecuted *because of* his indigenous race or ethnicity. The agency reasonably concluded that he failed to adduce any evidence that his assailants' actions were motivated by a protected ground. *See Barrios v. Holder*, 581 F.3d 849, 854–56 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en

banc).

Sapon Yax also contends that his past or feared harm was or would be inflicted on account of his membership in a proposed particular social group (PSG) of "Guatemalan young men targeted by gang members in the community who resist them," and that the IJ erred in rejecting this PSG as non-cognizable. This argument fails. To the extent that Sapon Yax raised before the BIA a particular social group based on his being a victim of violence related to attempted gang recruitment, the agency properly concluded that he still did not show that he "was targeted on account of a protected ground."

3. <u>CAT.</u> "To be eligible for relief under CAT, an applicant bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Substantial evidence supports the agency's denial of CAT relief. The agency properly found that Sapon Yax's past harm did not amount to torture, where he was punched in the face and threatened by gang members and, on a separate occasion, suffered a beating which yielded a scar on his upper lip. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (collecting cases). Moreover, substantial evidence supports the agency's conclusion that Sapon Yax has failed establish a clear probability of future torture in Guatemala—especially where safe relocation was feasible, *see* 8

C.F.R. § 1208.16(c)(3)(ii). The country conditions evidence of the Guatemalan government's treatment of indigenous people and the pervasion of gang-affiliated crime is insufficiently particularized to warrant CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**